IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 2 2004

CLERK, U.S. DISTRICT COURT
By_____
          Deputy

DIRECTV, INC.,                     §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   NO. 4:03-CV-422-A
                                   §
JAMES GARCIA,                      §
                                   §
          Defendant.               §

ORDER

I.

Background

Since early 2003 plaintiff, DirecTV, Inc., ("DirecTV") has filed more than 400 civil actions in the Northern District of Texas "seeking damages and injunctive relief against the [respective defendants] for the assembly, distribution, possession and use of illegitimate devices primarily designed to gain unauthorized access to its satellite communication signals." See, e.g., Compl. in No. 4:03-CV-422-A, at 1, ¶ 1.  Almost 300 of those actions were filed in the Fort Worth Division.

When the court was considering the motion of defendant, James Garcia, ("Garcia") in the above-captioned action to vacate the default judgment granted in favor of DirecTV against Garcia on October 2, 2003, the court became aware (a) that this is but one of several actions instituted by DirecTV in which the defendant has denied that he was served with process before a

default judgment was entered against him and (b) that the serving officer in each instance which has come to the court's attention was John Marco ("Marco") of CPS Companies of Dallas, Texas. Because of what appeared to be a potential widespread service of process problem in the DirecTV cases, the court signed an order in this action January 26, 2004, directing DirecTV to provide detailed information concerning all actions filed by it in which Marco allegedly served process on the defendant.

On February 17, 2004, DirecTV filed a rather comprehensive response. It disclosed that Marco was the serving officer as to forty-eight defendants in the DirecTV cases filed in the Fort Worth and Dallas Divisions of this court (thirty-six in the Fort Worth Division and twelve in the Dallas Division); that no answer was filed by forty-one (85%) of those defendants[1]; that a default judgment was requested and obtained by DirecTV against thirty-eight (79%) of those defendants; and, that seventeen (45%) of those defendants, when advised of the default, denied that Marco had served process on him or her.

The material furnished by DirecTV disclosed that on November 21, 2003, a judge of a state district court in Dallas County, Texas, signed an order, following a hearing held November 5,

---

[1] At the hearing held February 25, 2004, counsel for DirecTV estimated that the default rate for defendants who were served by a process server other than Marco in DirecTV cases was between 15% and 35%, compared with the 85% default rate as to defendants purportedly served by Marco.

2003, temporarily suspending Marco's authorization to serve private process issued by civil district courts, family district courts, juvenile district courts, or county courts at law in Dallas County, Texas.  Specifically, Marco was prohibited from serving citations, notices, subpoenas, or other writs as to proceedings pending in any of those courts.  A final hearing on the suspension was to be conducted at a future date.

Upon further review of the matter, the court determined that in many of the cases in which the defendants denied that Marco had served them with process, the defendant maintained that when Marco claims to have served him or her he or she did not live, and was not present, at the address at which Marco said in his Return of Service that he served the summons and complaint personally on the defendant.  In each case, Marco signed a Return of Service form in which he said that on a specified date the summons and complaint in the case were served by Marco "personally upon the defendant" at a specified address.  And, in each instance, Marco made the declaration, immediately above his signature at the bottom of the Return of Service form, that:

> I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

In each case, the Return of Service signed by Marco was filed with the court papers as proof that the defendant had been served with process.

When the court reviewed the court's Fort Worth Division files in the cases in which the defendants denied that Marco served them with process, the court determined that in each of those cases in which DirecTV moved for entry of default and for default judgment there was a document titled "Non-Military Affidavit" in which either James B. Lynch ("Lynch") or Bryant McIlveene ("McIlveene")[2] swore before a notary public that he personally spoke with the defendant at the defendant's dwelling house and usual place of abode, located at a specified address, and that the defendant informed the affiant that he (or she) was not at the time of service of process, or at the time of the interview, in the military service of the United States of America, and was not at the time of service, or at the time of the interview, a member of the military reserves ordered to report for military service.  In each case the court has studied, the Non-Military Affidavit was dated after the purported service of summons by Marco, but gave as the "dwelling house and usual place of abode" of the defendant, where the affiant allegedly personally spoke with the defendant, the same address Marco had put on the return for that defendant as being the place where Marco personally served process on the defendant.  Apparently, in some of the instances when Marco's service of process has been

_____

[2] DirecTV has informed the court that McIlveene is now deceased.

4

legitimately questioned, the accuracy of the Non-Military
Affidavit would be equally questionable.

In other words, information possessed by the court prior to
the hearing mentioned below indicated that Marco had made several
false returns of service in the DirecTV cases; that Marco gave
false declarations, under penalty of perjury, that Marco had made
proper service of process in each of those cases; that in at
least some of the cases where default judgment was sought, either
Lynch or McIlveene gave false affidavits relative to military
service of the defendants; and, that in each of those cases
DirecTV sought, and obtained, entry of default and default
judgment on the basis of such a false return of service and, in
some instances, also on the basis of such a false Non-Military
Affidavit.

In an attempt to gain a better understanding of the
magnitude of the problem, the court orally, during a telephone
conference between the court and the parties held February 19,
2004, and then by written order signed that same date, ordered
DirecTV to provide further information pertaining to the service
of process problem related to the DirecTV cases.  On February 23,
2004, DirecTV filed further information and documents.  Included
among those documents were the following items:

1.  What appears to be a November 19, 2003, proposed letter
agreement between DirecTV and Lucio Morin in No. 4:03-CV-467-A

regarding the default judgment that had been entered in favor of DirecTV against Mr. Morin.  Mr. Morin is a defendant who contends that service of process was not made on him.  Nevertheless, the letter agreement does not contemplate that the default judgment would be set aside.  Rather, it contemplates that the existence of the default judgment will serve as a pressure point to induce Mr. Morin to pay in a timely manner payments on an agreed settlement amount.  Also, the letter agreement contemplated that the injunction portion of the default judgment will remain in effect, and that any abstract of judgment filed against Morin will remain in effect until Morin has paid the agreed settlement amount.

2.  A virtually identical proposed settlement agreement dated November 21, 2003, between Tom Anderson and DirecTV is contained in the documents.  Mr. Anderson is another defendant who contends he was not served with process.

3.  A virtually identical proposed settlement agreement between DirecTV and Hoa Nguyen is contained in the documents.  Mr. Nguyen is another defendant who contends he was not served with process.

4.  Included in the documents is a letter from Nationwide Credit, Inc., directed to Richard Jones informing him that the judgment against him in the DirecTV action brought against him is a past-due debt and has been placed with a credit agency for

6

collection.  Mr. Jones is another defendant who contends he was
not served with process.

On February 25, 2004, DirecTV filed transcripts of two
hearings that have been held by a state district judge in Dallas
County, Texas, pertaining to problems related to state court
process allegedly served by Marco.  The contents of those
transcripts disclose that there have been many instances when
Marco purportedly served state court process, and made returns of
service indicating that he did so, when, in fact, he did not
accomplish the service.

II.

### The Hearing

As scheduled by the order the court signed in the above-
captioned action on January 26, 2004, on February 25, 2004, the
motion of Garcia to vacate the default judgment against him in
such action was heard.  The court made known at the hearing that
the court was taking judicial notice of the contents of the
court's files in all cases in which DirecTV, Inc., is a
plaintiff, and that information developed in the above-captioned
case, including all information developed during the hearing,
would be considered by the court in determining what, if any,
action the court should take in other cases in which DirecTV is
the plaintiff.

DirecTV appeared at the hearing by and through its attorney, Michael G. Brown ("Brown"). Garcia appeared at the hearing in person and by and through his attorney, Roy A. Davis ("Davis"). The witnesses who testified were Garcia, his wife, Kimberly Joyce Garcia, Marco, and Lynch.

Summed up, Garcia's testimony was as follows: He first learned that he had been sued by DirecTV when he received, apparently with a letter from DirecTV's attorney, a copy of the default judgment that had been taken against him. He promptly contacted his attorney, Davis. In 2002 he and his family had sold the house at 7613 Honeybee Lane, Fort Worth, Texas (the place where Marco said in the Return of Service in the above-captioned action he had personally served process on Garcia on May 29, 2003). He was not at the house at 7613 Honeybee Lane at any time during the year 2003. He said that no one ever contacted him by telephone or otherwise to discuss with him anything about whether he was serving in the military service.

Garcia's wife confirmed the accuracy of his testimony. She added that no one contacted her about service by Garcia in the military. According to her, that inquiry could not have been made by telephone to the place where they were living in the year 2003 because their telephone number was unlisted.

Marco made known to the court that he would exercise his constitutional right to decline to give testimony in response to

8

any question asking about service of process by him or the
returns of service he signed.  Consequently, he was not
questioned on those subjects.

Lynch, after having been told that he had the right to
decline to testify if he thought his testimony might incriminate
him, and after considerable hesitation, said that he would go
ahead and testify.  Lynch was not accompanied by an attorney.
Because of the possibility that criminal charges could be brought
against Lynch if he gave false affidavits for use in proceedings
in this court, the court informed Lynch that he should discuss
the matter with an attorney before testifying; and the court
recessed the aspect of the hearing that would deal with the
matters about which Lynch would testify.

On the subject of legal expenses incurred by Garcia, Davis
provided the court information that Garcia had incurred $2,000 in
legal expenses, to and including Davis's attendance at the
hearing, because of the entry of default judgment in this action
in favor of DirecTV.

### III.

### Findings and Conclusions

1.  The court adopts as findings of fact at this point all
facts recited in section I above, under the heading "Background."

2.  There is a probability that in most of the DirecTV cases
filed in the Fort Worth Division and the Dallas Division in which

Marco purportedly served the defendant with process and the
defendant defaulted by not filing an answer, the defaulting
defendant was not served with process.   The case numbers of those
cases, and the names of the defaulting defendants in the
multiple-defendant cases, are:

```
          4:03-CV-376-Y
          4:03-CV-379-Y
          4:03-CV-474-Y
          4:03-CV-473-A
          4:03-CV-400-A
          4:03-CV-411-Y
          4:03-CV-467-A
          4:03-CV-418-A
          4:03-CV-422-A
          4:03-CV-399-Y
          4:03-CV-471-Y
          4:03-CV-448-Y
          4:03-CV-407-Y
          4:03-CV-378-Y
          4:03-CV-380-Y
          4:03-CV-417-Y
          4:03-CV-446-Y
          4:03-CV-409-A
          4:03-CV-463-Y
          4:03-CV-461-Y
          4:03-CV-445-A
          4:03-CV-460-Y
          4:03-CV-414-A
          4:03-CV-408-A
          4:03-CV-402-A
          4:03-CV-434-A
          4:03-CV-423-A
          4:03-CV-420-A
          4:03-CV-466-A
          4:03-CV-432-Y
          4:03-CV-436-Y
          4:03-CV-435-Y
          4:03-CV-475-Y
          3:03-CV-1099-P (defendant Binh Ho)
          3:03-CV-1102-P (defendant Randell Moss)
          3:03-CV-1104-P (defendants Anthony Sadler and Walter
               Scott, Sr.)
          3:03-CV-1105-P (defendant David A. Yeargan)
```

10

3:03-CV-1106-P (defendant Stanley Robinson)
3:03-CV-1108-P (defendant William Tyson)
3:03-CV-1134-P (defendant Brian Kirkwood)

Attached to this order as an exhibit is a listing, provided by counsel for DirecTV, of DirecTV cases filed in the Fort Worth and Dallas Divisions of this court in which Marco purportedly served the defendants with process, showing as to each of the cases the case number, style, division in which filed, person allegedly served by Marco, date and time of alleged service, whether the defendant defaulted by failing to file an answer, whether a default judgment was requested and entered, and whether the defendant denied being served with process.

3. There is a probability that the entries of default and default judgments in the cases listed in paragraph 2 of this section II, as to defendants Marco purportedly served with process, were invalid because the defendants had not been served with process. In each of those instances, Marco made false Returns of Service, falsely stating in each instance, under penalty of perjury under the laws of the United States, that he had served the defendant personally.

4. In each of those DirecTV cases in which DirecTV requested and obtained entry of default after Marco purportedly served process on the defendant, a Return of Service signed by Marco, purportedly proving service of process on the defendant, was filed by DirecTV with the court as proof of service of

11

process to persuade the court to enter default and a default
judgment.

5.   In each of the DirecTV cases in which entry of default
and a default judgment was requested and obtained, a Non-Military
Affidavit was filed by DirecTV in support of the request for
entry of default and default judgment.   In at least some of those
cases, the Non-Military Affidavit was false.   Some of those false
affidavits were signed and sworn to by Lynch, and others were
signed and sworn to by McIlveene.

6.   The testimony given by Garcia and his wife at the
hearing, as described on pages 8-9 of this order, was true and
accurate.   The court finds as facts all facts related by Garcia
and his wife during their testimony.

7.   Garcia has incurred $2,000 in legal expenses because of
the entry of default and default judgment against him in the
above-captioned action.

8.   Federal Rule of Civil Procedure 60(b) provides, in
pertinent part, that:

> On motion and upon such terms as are just, the court
> may relieve a party . . . from a final judgment, order,
> or proceeding for the following reasons:   . . . (3)
> fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of
> an adverse party; . . . (5) . . . it is no longer
> equitable that the judgment should have prospective

application; or (6) any other reason justifying relief from the operation of the judgment.[3]

The court concludes that each entry of default, default judgment, and related order against a defendant purportedly served by Marco in the DirecTV cases mentioned in paragraph 2 of this section III probably were obtained by fraud and misrepresentation, that it is no longer equitable that those proceedings should have prospective application, and the interests of justice would best be served if all of those proceedings were set aside and voided.[4]

9. The court concludes that all entries of default, default judgments, and related orders in DirecTV cases pending on the undersigned's docket, and in which Marco purportedly accomplished service of process, should be set aside and voided so that none of them has any further force or effect.[5]

---

[3] In Matter of American Precision Vibrator Co., a Fifth Circuit panel said, "Rule 60(a) authorizes courts to correct mistakes sua sponte, while Rule 60(b) requires a motion by a party," 863 F.2d 428, 432 (5th Cir. 1989), but that statement was dicta. Even if that were not so, the statement would not be binding on this court because it is inconsistent with the Fifth Circuit's ruling in McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962), that Rule 60(b) relief can be granted by the court on its own motion. See Matter of Dyke, 943 F.2d 1435, 1442 (5th Cir. 1991); Boyd v. Puckett, 905 F.2d 895, 897 (5th Cir. 1990).

[4] The court does not mean to suggest by anything said in this order that there has been any bad faith or dishonesty on the part of counsel for DirecTV.

[5] The undersigned is providing copies of this order to the judges presiding over the other cases mentioned in this order so that the other judges will be aware of the questionable circumstances concerning service of process and the Non-Military
(continued...)

13

10.   The court concludes that it has the inherent authority to order the following relief relative to the DirecTV cases on the undersigned's docket in which Marco purportedly served process and the defendant has defaulted:

a.   an order directing DirecTV to reimburse the defendant in each of those cases for whatever legal expenses the defendant incurred by virtue of a default judgment having been entered against him or her; and

b.   an order directing DirecTV to immediately suspend and cancel any activities in which it, or an entity acting for it, has engaged to enforce any such default judgment.

IV.

## Relief Being Granted to Garcia

Consistent with the foregoing,

The court ORDERS that the district clerk's Entry of Default dated September 18, 2003, the Order Granting Default Judgment Against James Garcia signed October 2, 2003, and the Final Judgment signed October 2, 2003, in the above-captioned action be, and are hereby, set aside and voided so that they have no further force or effect.

The court further ORDERS that by March 8, 2004, DirecTV pay to Garcia $2,000 as reimbursement for legal expenses he has

---

[5](...continued)
Affidavits in some of those cases.

14

incurred by reason of the default judgment taken by DirecTV against him in such action.

The court further ORDERS that DirecTV immediately suspend and cancel any activities in which it has engaged, or is engaging, directly or through another entity, to enforce collection of the default judgment taken by DirecTV against Garcia in the above-captioned action.[6]

SIGNED March 2, 2004.

JOHN McBRYDE
United States District Judge

---

[6] The court has concluded that nothing is to be gained in this action by resuming the hearing to hear further from Lynch. Therefore, the court is considering that the hearing that commenced February 25, 2004, is concluded.

Separate orders will be entered in other DirecTV cases on the undersigned's docket for the purpose of granting in those cases the relief the court indicates in the foregoing order would be appropriate.

# COURT REQUESTED SUMMARY OF SUMMONSES ALLEGEDLY SERVED THROUGH JOHN MARCO WHERE DIRECTV, INC. WAS PLAINTIFF

| Case No. | Style | Court (N.D. Tex.) | Defendant | Person Allegedly Served | Date | Time | Suit Answered | Default Requested / Entered | Service Issue Raised by Defendant |
|---|---|---|---|---|---|---|---|---|---|
| 4:03-cv-398-Y | DirecTV v. Jay Siluangkhot | Fort Worth Division | Jay Siluangkhot | Jay Siluangkhot | 5/27/03 | 6:30 pm | Yes | No / No | No |
| 4:03-cv-416-A | DirecTV v. John Hattan | Fort Worth Division | John Hattan | John Hattan | 5/27/03 | 7:11 pm | Yes | No / No | No |
| 4:03-cv-376-Y | DirecTV v. Desire Banze | Fort Worth Division | Desire Banze | Desire Banze | 5/27/03 | 7:32 pm | No | Yes / 9/15/03 | No |
| 4:03-cv-379-Y | DirecTV v. David Bade | Fort Worth Division | David Bade | David Bade | 5/27/03 | 7:59 pm | No-Settled pre-answer | No / No | No |
| 4:03-cv-474-Y | DirecTV v. Chandi Rudel | Fort Worth Division | Chandi Rudel | Chandi Rudel | 5/29/03 | -------- | No-Settled pre-answer | No / No | No |
| 4:03-cv-473-A | DirecTV v. Eric Santiago | Fort Worth Division | Eric Santiago | Eric Santiago | 5/29/03 | 1:35 pm | No | Yes / 10/2/03 | No |
| 4:03-cv-400-A | DirecTV v. Sisouk Chanthavilay | Fort Worth Division | Sisouk Chanthavilay | Sisouk Chanthavilay | 5/29/03 | 1:58 pm | No | Yes / 10/2/03 | No |
| 4:03-cv-411-Y | DirecTV v. Walter Hutton | Fort Worth Division | Walter Hutton | Walter Hutton | 5/29/03 | 2:23 pm | No | Yes / 9/18/03 | No |
| 4:03-cv-467-A | DirecTV v. Lucio Morin | Fort Worth Division | Lucio Morin | Lucio Morin | 5/29/03 | 2:41 pm | No | Yes / 10/2/03 | Yes - Since settled |
| 4:03-cv-418-A | DirecTV v. Tim Holt | Fort Worth Division | Tim Holt | Tim Holt | 5/29/03 | 3:06 pm | No | Yes / 10/2/03 | No |

PAGE 1



EXHIBIT

A

| CASE NO. | STYLE | COURT (N.D. TEX.) | DEFENDANT | PERSON ALLEGEDLY SERVED | DATE | TIME | SUIT ANSWERED | DEFAULT REQUESTED / ENTERED | SERVICE ISSUE RAISED BY DEFENDANT |
|---|---|---|---|---|---|---|---|---|---|
| 4:03-cv-422-A | DirecTV v. James Garcia | Fort Worth Division | James Garcia | James Garcia | 5/29/03 | 3:19 pm | No | Yes / 10/2/03 | Yes - Unopposed Mot to Vacate pending |
| 4:03-cv-399-Y | DirecTV v. Tom Andersen | Fort Worth Division | Tom Andersen | Tom Andersen | 5/29/03 | 3:46 pm | No | Yes / 9/18/03 | Yes - Since settled |
| 4:03-cv-469-Y | DirecTV v. Cari Sykes | Fort Worth Division | Cari Sykes | Cari Sykes | 5/29/03 | 4:28 pm | Yes | No / No | No |
| 3:03-cv-1104-P | DirecTV v. Anthony Sadler, Scott Scheffe, Walter R. Scott, Sr., Robert Seyferth, Kevin Sowell, James Sykes, Van Tan, John Thomas, Lance Thornton, Dung Tran and Huy Tran | Dallas Division | James Sykes | James Sykes | 5/29/03 | 6:34 pm | Yes | No / No | No |
| 4:03-cv-471-Y | DirecTV v. Thomas Solby | Fort Worth Division | Thomas Solby | Thomas Solby | 5/29/03 | 8:16 pm | No | Yes / 9/18/03 | Yes - Since settled |
| 4:03-cv-448-Y | DirecTV v. Robert Potter | Fort Worth Division | Robert Potter | Robert Potter | 5/29/03 | 8:47 pm | No | Yes / 9/18/03 | Yes - Since settled |
| 4:03-cv-407-Y | DirecTV v. Dale Iven | Fort Worth Division | Dale Iven | Dale Iven | 5/29/03 | 9:03 pm | No | Yes / 9/18/03 | No |
| 4:03-cv-378-Y | DirecTV v. James Clary | Fort Worth Division | James Clary | James Clary | 5/29/03 | 9:31 pm | No | Yes / 9/18/03 | Yes - Since vacated |
| 4:03-cv-380-Y | DirecTV v. Dan Bird | Fort Worth Division | Dan Bird | Dan Bird | 5/29/03 | 9:51 pm | No | Yes / 10/21/03 | No |

PAGE 2

| CASE NO. | STYLE | COURT (N.D. TEX.) | DEFENDANT | PERSON ALLEGEDLY SERVED | DATE | TIME | SUIT ANSWERED | DEFAULT REQUESTED / ENTERED | SERVICE ISSUE RAISED BY DEFENDANT |
|---|---|---|---|---|---|---|---|---|---|
| 3:03-cv-1108-M | DirecTV v. William Tyson, Lee Larson, Robert McDonald, Margie Mendoza, Jon Michaels, David Peacock, Chris Perry, Wayne Pitman, Emmett M. Richardson and Willie L. Robinson, Sr. | Dallas Division | Willie Robinson Sr. | Willie Robinson, Sr. (Served by Cindy Marco) | 5/31/03 | -------- | Yes | No / No | No |
| 4:03-cv-417-Y | DirecTV v. Gary Hawk | Fort Worth Division | Gary Hawk | Gary Hawk | 6/3/03 | 6:07 pm | No | Yes / 9/25/03 | Yes - Since vacated |
| 4:03-cv-446-Y | DirecTV v. Hoa Nguyen | Fort Worth Division | Hoa Nguyen | Hoa Nguyen | 6/3/03 | 6:28 pm | No | Yes / 10/1/03 | Yes - Since settled |
| 3:03-cv-1104-P | DirecTV v. Anthony Sadler, Scott Scheffe, Walter R. Scott, Sr., Robert Seyferth, Kevin Sowell, James Sykes, Van Tan, John Thomas, Lance Thornton, Dung Tran and Huy Tran | Dallas Division | Walter Scott Sr. | Walter Scott, Sr. | 6/4/03 | 7:35 am | No | Yes / 9/29/03 | No |
| 3:03-cv-1102-P | Anthony Mendes, Steve Miller, Patrick Moore, Randell Moss, Sun Nguyen, Thuan Nguyen, Tin Nguyen, Ve Nguyen, Hai Nguyen I and Jeannie Northcutt | Dallas Division | Randell Moss | Randell Moss | 6/4/03 | 9:03 am | No | Yes / 9/29/03 | Yes - Unopposed Mot to Vacate to be filed |

PAGE 3

| CASE NO. | STYLE | COURT (N.D. TEX.) | DEFENDANT | PERSON ALLEGEDLY SERVED | DATE | TIME | SUIT ANSWERED | DEFAULT REQUESTED / ENTERED | SERVICE ISSUE RAISED BY DEFENDANT |
|---|---|---|---|---|---|---|---|---|---|
| 3:03-cv-1108-P | DirecTV v. William Tyson, Lee Larson, Robert McDonald, Margie Mendoza, Jon Michaels, David Peacock, Chris Perry, Wayne Pitman, Emmett M. Richardson and Willie L. Robinson, Sr. | Dallas Division | William Tyson | William Tyson | 6/4/03 | 9:13 am | No | Yes / 9/29/03 | Yes - Unopposed Mot to Vacate to be filed |
| 4:03-cv-409-A | DirecTV v. John M. Schlueter | Fort Worth Division | John M. Schlueter | John M. Schlueter | 6/4/03 | 5:43 pm | No | Yes / 10/2/03 | Yes - Since vacated |
| 4:03-cv-463-Y | DirecTV v. Jan Marcum | Fort Worth Division | Jan Marcum | Jan Marcum | 6/4/03 | 6:01 pm | No | Yes / 9/25/03 | Yes - Since settled |
| 4:03-cv-461-Y | DirecTV v. John McSweeney | Fort Worth Division | John McSweeney | John McSweeney | 6/4/03 | 6:23 pm | No | Yes / 9/30/03 | No |
| 4:03-cv-445-A | DirecTV v. Hung Nguyen | Fort Worth Division | Hung Nguyen | Hung Nguyen | 6/4/03 | 7:16 pm | No | Yes / 10/2/03 | No |
| 4:03-cv-460-Y | DirecTV v. Jerry Miller | Fort Worth Division | Jerry Miller | Jerry Miller | 6/4/03 | 7:25 pm | No | Yes / 10/1/03 | No |
| 4:03-cv-414-A | DirecTV v. Phillip Harris | Fort Worth Division | Phillip Harris | Phillip Harris | 6/4/06 | 7:47 pm | No | Yes / 10/2/03 | Yes - Unopposed Mot to Vacate to be filed |
| 4:03-cv-408-A | DirecTV v. William Gardner | Fort Worth Division | William Gardner | William Gardner | 6/4/03 | 8:35 pm | No | Yes / 10/2/03 | No |

PAGE 4

| CASE NO. | STYLE | COURT (N.D. TEX.) | DEFENDANT | PERSON ALLEGEDLY SERVED | DATE | TIME | SUIT ANSWERED | DEFAULT REQUESTED / ENTERED | SERVICE ISSUE RAISED BY DEFENDANT |
|---|---|---|---|---|---|---|---|---|---|
| 4:03-cv-402-A | DirecTV v. Joey Corricelli | Fort Worth Division | Joey Corricelli | Joey Corricelli | 6/5/03 | 5:35 pm | No | Yes / 10/2/03 | Yes - Unopposed Mot to Vacate to be filed |
| 4:03-cv-434-A | DirecTV v. Shannon Leech | Fort Worth Division | Shannon Leech | Shannon Leech | 6/5/03 | 6:26 pm | No | Yes / 10/2/03 | No |
| 4:03-cv-423-A | DirecTV v. Sean Haugh | Fort Worth Division | Sean Haugh | Sean Haugh | 6/5/03 | 6:55 pm | No | Yes / 10/2/03 | Yes - Since vacated |
| 4:03-cv-420-A | DirecTV v. Tuan Dinh | Fort Worth Division | Tuan Dinh | Tuan Dinh | 6/5/03 | 7:12 pm | No | Yes / 10/2/03 | No |
| 4:03-cv-466-A | DirecTV v. Joseph Morris | Fort Worth Division | Joseph Morris | Joseph Morris | 6/5/03 | 7:38 pm | No | Yes / 10/2/03 | Yes |
| 4:03-cv-432-Y | DirecTV v. Nick Khuu | Fort Worth Division | Nick Khuu | Nick Khuu | 6/5/03 | 8:27 pm | No | Yes / 10/1/03 | No |
| 4:03-cv-436-Y | DirecTV v. Richard Jones | Fort Worth Division | Richard Jones | Richard Jones | 6/5/03 | 8:43 pm | No | Yes / 10/1/03 | Yes - Unopposed Mot to Vacate to be filed |
| 4:03-cv-435-Y | DirecTV v. Robert Jordan | Fort Worth Division | Robert Jordan | Robert Jordan | 6/5/03 | 9:10 pm | No | Yes / 9/25/03 | No |
| 4:03-cv-475-Y | DirecTV v. Tan Duc Nguyen | Fort Worth Division | Tan Duc Nguyen | Tan Duc Nguyen | 6/5/03 | 9:39 pm | No | Yes / 9/25/03 | No |
| 3:03-cv-1099-P | DirecTV v. James Wilson, Mildred Wilson, Greg Wooldridge and Binh Ho | Dallas Division | Binh Ho | Binh Ho | 6/6/03 | 12:39 am | No-settling | No / No | No |

PAGE 5

PAGE 6

| CASE NO. | STYLE | COURT (N.D. TEX.) | DEFENDANT | PERSON ALLEGEDLY SERVED | DATE | TIME | SUIT ANSWERED | DEFAULT REQUESTED / ENTERED | SERVICE ISSUE RAISED BY DEFENDANT |
|---|---|---|---|---|---|---|---|---|---|
| 3:03-cv-1134-P | DirecTV v. Phillip Elkins, Tina Marie Elkins, Brian Kirkwood, Bobby Korn, Sam Laffel, Chi Lam, Long Le, Van Le, Vui Leung and Richard Leung | Dallas Division | Brian Kirkwood | Brian Kirkwood | 6/7/03 | 1:35 pm | No | Yes / 9/29/03 | No |
| 3:03-cv-1104-P | DirecTV v. Anthony Sadler, Scott Scheffe, Walter R. Scott, Sr., Robert Seyferth, Kevin Sowell, James Sykes, Van Tan, John Thomas, Lance Thornton, Dung Tran and Huy Tran | Dallas Division | Anthony Sadler | Anthony Sadler | 6/7/03 | 2:20 pm | No | Yes / 9/29/03 | No |
| 3:03-cv-1105-P | DirecTV v. Trini Sanchez, Ralph Trevino, Marty Wade, Chuck Waldrop, Joe Warren, David A. Yeargan, Leslie Alexander, Charles Buob, James Burch and John Courtney | Dallas Division | David A. Yeargan | David A. Yeargan | 6/7/03 | 3:15 pm | No | Yes / 10/6/03 | No |
| 3:03-cv-1106-P | DirecTV v. James Nowell, Dominick Orlando, Michael Pan, David Penton, Danny Pham, Sophoron Pich, Bill Quiggle, Jason Reed, Michael Richardson, Stanley Robinson and Antonio Rodriguez | Dallas Division | Stanley Robinson | Stanley Robinson | 6/7/03 | 7:15 pm | No | Yes / 10/14/03 | No |

PAGE 7

| Case No. | Style | Court (N.D. Tex.) | Defendant | Person Allegedly Served | Date | Time | Suit Answered | Default Requested / Entered | Service Issue Raised by Defendant |
|---|---|---|---|---|---|---|---|---|---|
| 3:03-cv-1105-P | DirecTV v. Trini Sanchez, Ralph Trevino, Marty Wade, Chuck Waldrop, Joe Warren, David A. Yeargan, Leslie Alexander, Charles Buob, James Burch and John Courtney | Dallas Division | John Courtney | John Courtney (Served by Cindy Marco) | 6/9/03 | 8:40 pm | Yes | No / No | No |
| 3:03-cv-1101-P | DirecTV v. Mervielle Long, Roberto Luna, David Lurie, Sabrina Maddox, Raymond Manning, Shinu Mathew, Michael Mayben, Brand McCarley, Dave McPhee and Morgan McReynolds | Dallas Division | Dave McPhee | Dave McPhee | 6/17/03 | 2:00 pm | Yes | No / No | No |