Ct of w/order
e Not
ORIGINAL

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

FILED

U.S. DISTRICT COURT

2004 OCT 22   PM 12: 50

CLERK OF COURT

| | | |
|---|---|---|
| **DIRECTV, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 4:03-CV-422-A** |
| | § | |
| **JAMES GARCIA,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT JOINING KIMBERLY GARCIA AND SUPPORTING BRIEF

Plaintiff DIRECTV, Inc. ("DIRECTV"), pursuant to FED. R. CIV. P. 15, 20, and the Court's scheduling order, files this unopposed Motion for Leave to File its First Amended Complaint Joining Kimberly Garcia (the "Motion"), and states:

## I. NATURE OF THE ACTION

DIRECTV brought this lawsuit for the unauthorized interception and attempted interception (or piracy) of its satellite programming broadcast by Defendant James Garcia. The lawsuit centers on the purchase and use of devices designed primarily to achieve such interception ("Pirate Access Devices").

## II. NEED FOR AMENDMENT & JOINDER

DIRECTV brought this suit, in part, based on sales records that indicate James Garcia purchased devices on his credit card. James Garcia insists that he allowed his wife Kimberly Garcia to use his credit card to make the purchases using his credit card. James Garcia has stated

that the devises were ordered for use by Kimberly Garcia. In short, James Garcia statements indicate that Kimberly Garcia may be liable to DIRECTV, in whole or in part, for the claims brought against him. Accordingly, DIRECTV now seeks to join Kimberly Garcia as a defendant that may be held jointly, separately, or alternatively liable for the claims made against James Garcia in the original complaint. The deadline to move for leave to join additional parties is October 22, 2004.

## II. ARGUMENT

### A. Kimberly Garcia Should Be Joined.

Permissive joinder is governed by Fed. R. Civ. P. 20, which provides that:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising our of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Id. All DIRECTV's claims hinge on the purchase and use of the devices identified in the original complaint by James Garcia and/or his attempt to or actual interception of DIRECTV's satellite broadcasts. Facts related to the purchase, the nature of the devices, and their use or attempted use are common to both defendants, and the order (purportedly by Kimberly Garcia), the purchase (paid for by James Garcia), the delivery (to James Garcia, and then to Kimberly Garcia) and the ultimate use of the devices (by James Garcia and/or Kimberly Garcia) constitute the same transaction or series of transactions so as to permit joinder. Moreover, James Garcia contends that he is not liable for the purchase and use of the Pirate Access Devices because he

merely paid for, received, and/or passed the devices along to Kimberly Garcia, who then purportedly used it or them. Kimberly Garcia can thus be held separately, jointly, or alternatively liable for the claims brought in DIRECTV's original complaint, and she should be joined as set forth in DIRECTV's First Amended Complaint, attached hereto as Exhibit A.

## V. <u>CONCLUSION</u>

DIRECTV respectfully requests that the Court grant its Motion for Leave and deem the First Amended Complaint attached hereto as Exhibit A filed of record.

Respectfully submitted,

Michael G. Brown
State Bar No. 03153800
Jonathan G.  Erwin
State Bar No. 24027369

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
(214) 939-2000 (telephone)
(214) 939-2090 (telecopier)

OF COUNSEL:

Frederick Black
State Bar No. 02371100
Andrew J. Mytelka
State Bar No. 14767700
Roni G. Sunderman
State Bar No. 24027899

GREER HERZ & ADAMS, LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

ATTORNEYS FOR DIRECTV, INC.

## CERTIFICATE OF CONFERENCE

On October 21, 2004, counsel for DIRECTV, Michael G. Brown, conferred with James Garcia, pro se, regarding the relief requested in this Motion, and he stated that he does not oppose the relief requested.

_____
Michael G. Brown

## CERTIFICATE OF SERVICE

I, Michael G. Brown, attorney for DIRECTV, Inc., do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by mailing same via Certified Mail/Return Receipt Requested to the following party:

Mr. James Garcia, pro se
1511 Creek View Drive
Keller, Texas 76248

SO CERTIFIED, this the 22nd day of October, 2004.

_____
Michael G. Brown

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 4:03-CV-422-A |
| | § | |
| JAMES GARCIA, AND  KIMBERLY | § | |
| GARCIA | § | |
| | § | |
| Defendants. | | |

## PLAINTIFF DIRECTV, INC.'S FIRST AMENDED COMPLAINT

Plaintiff, DIRECTV, Inc. ("DIRECTV"), by its attorney, complaining of the Defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This lawsuit involves the surreptitious possession and use of illegal devices and equipment designed to intercept and decrypt DIRECTV's protected satellite communications, ultimately allowing for the free viewing of television programming.  Federal communication and state laws prohibit the assembly, distribution, possession and use of the devices and equipment in question.  DIRECTV brings this lawsuit seeking damages and injunctive relief against the Defendants for the assembly, distribution, possession and use of illegitimate devices primarily designed to gain unauthorized access to its satellite communication signals.

## II. FACTS REGARDING DIRECTV'S BUSINESS OPERATIONS & SUPPORTING SATELLITE PIRACY CLAIMS

2.    DIRECTV is a California-based company in the business of distributing satellite television broadcasts throughout the United States.  Over the company's life, DIRECTV has invested billions of dollars to develop a satellite system capable of transmitting various digitized

-1-



EXHIBIT

A

video and audio signals to homes and businesses nationwide to be used for entertainment purposes (the "Satellite Programming"). DIRECTV relays digital signals from within the United States up to satellites hovering thousands of miles above Earth. Those signals are then broadcast back to Earth. DIRECTV's Satellite Programming is received through the use of a fixed outdoor satellite dish ("Satellite Dish") designed to capture satellite signals. The Satellite Dish is connected by cable to an indoor satellite receiver ("Satellite Receiver") which is then connected by cable to a television monitor.

3.     While the signal is beamed from space to various areas and can be received by installing a Satellite Dish, the signal is not usable without paying DIRECTV a fee to use its television broadcast services. To prevent the unauthorized reception and use of DIRECTV's broadcasts by individuals who have not paid for DIRECTV's service, DIRECTV uses encryption technology to digitally scramble the signal making the signal unusable until it is unscrambled. The Satellite Receiver is the component that makes descrambling possible. Each Satellite Receiver contains a removable access card that manages the opening and closing of television channels offered by DIRECTV (the "Access Card"). An access card is identical in size and shape to a credit card, but also holds a computer-type chip that stores and applies the information necessary to unscramble the satellite signals being received through the Satellite Dish. When properly operated, access cards can be electronically programmed by DIRECTV to close or open television channels. It is, however, the programmable nature of these access cards that is the primary basis for this dispute.

4.     Once a DIRECTV customer pays a subscription fee, DIRECTV electronically directs the Access Card to unscramble portions of the satellite signal allowing customers to view programs on their televisions and/or listen to certain high quality audio programs communicated

by satellite.  Through the Access Card, DIRECTV can provide many different levels of service to individual customers.  Each customer usually pays for the service on a monthly basis.  In addition to the programming packages paid for on a monthly basis, certain DIRECTV satellite broadcasts, such as professional sports packages and pay-per-view movies, remain blocked and can be spontaneously purchased on a per-show or per-package basis using the customer's remote control or through a telephone call to DIRECTV.  The Access Card records those purchases.

5.      DIRECTV's main revenue source is subscriptions paid by properly authorized users of its signals; obviously then, DIRECTV has a significant interest in preventing the unauthorized receipt and use of DIRECTV Satellite Programming.  Despite the encryption technology used to protect the DIRECTV signal, there are many individuals within the United States and surrounding foreign countries involved in the development of devices and equipment (including the illegal programming of valid Access Cards) used to surreptitiously pirate DIRECTV's signals (collectively referred to as "Pirate Access Devices").  The use of such Pirate Access Devices commonly provides the user with access to all of DIRECTV's Satellite Programming with no payment to the company.

6.      The Defendants in this action are residents of the State of Texas.  Upon information and belief, the Defendants purchased and used illegal Pirate Access Devices that are designed to permit viewing of DIRECTV's television programming without authorization by, or payment to, DIRECTV.

### DIRECTV Obtained Evidence Related to Fulfillment Pirate Group

7.      On or about May 25, 2001, DIRECTV executed Writs of Seizure, with the assistance of local law enforcement, at the mail shipping facility used by several major distributors of Pirate Access Devices, including, among others, Vector Technologies, DSS-Stuff,

Shutt, Inc., Intertek, Whiteviper and DSS-Hangout (collectively referred to hereinafter as the "Fulfillment Pirate Group"). During and subsequent to the raids, DIRECTV obtained a substantial body of shipping records, email communications, credit card receipts and other records. Each of the records confirmed the existence of a distribution source for the country-wide transmission of devices primarily designed for the unauthorized interception of DIRECTV's Satellite Programming. More pertinently, the records evidence Defendant James Garcia's purchases of Pirate Access Devices from a member of the Fulfillment Pirate Group. In reliance on those records and other information, and upon information and belief, DIRECTV initially brought this lawsuit against the Defendant James Garcia.

8.     After this lawsuit was filed, Defendants advised that Defendant James Garcia allowed his wife, Defendant Kimberly Garcia, to use his credit card to make a purchase of Pirate Access Devices using his credit card. The Defendants stated that the devises purchased were ordered for use by Defendant Kimberly Garcia. In short, such statements indicate that Defendant Kimberly Garcia is also liable to DIRECTV, in whole or in part, for the claims brought originally only against Defendant James Garcia. Thus, Defendant Kimberly Garcia was added as a party to this lawsuit

9.     The Defendants' activities violate federal telecommunication and wiretapping laws and state statutory and common law. As a result of the Defendants' decisions to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against the Defendants' continued possession and/or use of Pirate Access Devices.

### III. JURISDICTION

10.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

11.     This lawsuit is brought pursuant to several federal statutes prohibiting the interception of satellite communications, including the Cable Communications Policy Act of 1984, (47 U.S.C. §§ 521, *et seq.*) (the "Communications Act"), and the Electronic Communications Policy Act of 1986, (18 U.S.C. § 2510, *et. seq.*), for violations of Texas law (TEX. CIV. PRAC. & REM CODE § 123, *et. seq.*), and as an action for injunctive relief and damages for the improper receipt, transmission, and use of satellite programming signals.  This Court has jurisdiction of the subject matter to this action under 28 U.S.C. § 1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.  Moreover, this Court has supplemental jurisdiction over DIRECTV's state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over the parties in this action.  The activities over which DIRECTV complains and giving rise to this action took place in the State of Texas; more particularly, the Defendants' acts of violating federal laws and DIRECTV's proprietary rights as distributor of the satellite programming transmission signals took place within the Northern District of Texas.  Further, upon information and belief, Defendants resides within the State of Texas; thus, this Court has personal jurisdiction over Defendant.

### IV. VENUE

13.     Venue is proper in this the United States District Court for the Northern District of Texas under 28 U.S.C. §§ 1391(b) as this action arises under the laws of the United States and the Defendants reside within the State of Texas.  Moreover, a substantial part of the events or

omissions giving rise to the claims occurred within the Northern District of Texas (28 U.S.C. § 124).

## V. PARTIES

14.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

15.     Plaintiff, DIRECTV, is at all times relevant hereto a corporation incorporated under the laws of the State of California.   As a major distributor of satellite television programming, DIRECTV has a significant interest in maintaining and securing the integrity of its satellite transmissions of television programming and in prohibiting the unauthorized reception and use of the same.

16.     Defendants James Garcia and Kimberly Garcia (collectively "Defendants") reside in Fort Worth, Texas.   Beginning on or about March of 2001, Defendants purchased Pirate Access Devices from the Fulfillment Pirate Group.   Defendants placed each order using interstate or foreign wire facilities, and received orders through the United States Postal Service or commercial mail carrier. Specifically, on or about March 12, 2001, Defendants purchased a device invoiced as a "Vector UL PRO with SU2 Code Enclosed Unlooper." The package consisted of an unlooper. The unlooper is designed to repair Access Cards that have been rendered unusable by illegitimate use and is specifically designed for use with certain software further permitting the illegal programming of valid DIRECTV access devices. Additionally, on that same day, Defendants purchased a Pirate Access Device from the Fulfillment Pirate Group, consisting of one printed circuit board device invoiced as a "Vector Smart Card Emulator," designed specifically to permit the surreptitious interception of DIRECTV Satellite Programming. The devices were sent through the mail to Defendants in Fort Worth, Texas.

-6-

17.     Upon information and belief, Defendants received Pirate Access Devices through various mail sources, effectively importing such illegal devices into the State of Texas; Defendants had a reason to know that such devices are used to illicitly decrypt Satellite Programming.  Upon information and belief, Defendants displayed Satellite Programming and such Satellite Programming was displayed without authorization from DIRECTV.  Importantly, Defendants' possession and use of Pirate Access Devices provides Defendants access to all television programs transmitted by DIRECTV, including access to all pay-per-view movies, boxing and other special programs, and sports programming at all times.  The value of the programs that Defendants were capable of viewing without authorization may easily reach thousands of dollars in a single year.

18.     On information and belief, DIRECTV alleges that Defendants received the Satellite Programming by means including but not limited to: (a) maintaining Satellite Dishes capable of receiving satellite programming on television monitors and further maintaining electronic devices which enable them to unscramble, receive, and exhibit encrypted Satellite Programming transmissions without authorization; and/or (b) by such other means to effectuate the unauthorized reception of the Satellite Programming which are unknown to DIRECTV and known only to Defendants.

## VI. DISCOVERY OF ILLEGAL CONDUCT

19.     DIRECTV devotes significant resources to preventing the unauthorized reception of its Satellite Programming and identifying persons or businesses engaged in such illegal activity.  Despite these efforts, DIRECTV first learned of Defendant James Garcia's identity and his involvement in pirating Satellite Programming after the raids occurring in May of 2001.  It

was only after this lawsuit was filed that DIRECTV learned of Defendant Kimberly Garcia's involvement as detailed above.

## VII. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act
### (47 U.S.C. § 605(e)(3)(C))

20.     DIRECTV incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

21.     DIRECTV alleges on information and belief, that Defendants effected unauthorized interception and receipt of Satellite Programming through use of illegal satellite decoding devices, or by manipulation of the satellite system authorized to carry the Satellite Programming where Defendants are located, or by such other means which are unknown to DIRECTV and known only to Defendants.

22.     Defendants' acts violate federal law.   Defendants, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception, or exhibition of Satellite Programming transmitted by DIRECTV. Moreover, upon information and belief, Defendants divulged or published the existence contents, substance, purport, effect or meaning of such satellite communications.   Further, upon information and belief, Defendants used such communications for his or her own benefit or for the benefit of others who were not entitled to such communications.   Each of these acts is a practice prohibited by 47 U.S.C § 605(a).

23.     DIRECTV is a person aggrieved by the Defendants' violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendants pursuant to 47 U.S.C.  § 605 (e)(3)(A).

24. Defendants' violations of 47 U.S.C. § 605 have injured and/or will continue to injure DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming. DIRECTV is entitled to costs, reasonable attorneys' fees, actual damages suffered, and profits obtained by Defendants attributable to his or her illegal conduct.

25. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. § 605(a).

### Count 2 - Damages for Violations of 18 U.S.C. § 2511

26. DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

27. For further cause of action, DIRECTV alleges that Defendants intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. Defendants further disclosed or endeavored to disclose to others the contents of electronic communications knowing, or having a reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. § 2511. Upon information and belief, Defendants further intentionally used or endeavored to use the contents of electronic communications knowing, or having reason to know, that the information was obtained through the interception of electronic communications in violation of 18 U.S.C § 2511.

28. DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C § 2511.

29. Due to Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits

made by Defendants as a result of his or her conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendants acted in violation of 18 U.S.C. § 2511.

### Count 3 - Damages for Possession, Manufacture, and/or Assembly of
### Electronic, Mechanical or Other Device or Equipment
### (18 U.S.C. § 2512)

30.     DIRECTV re-alleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     By way of its third cause of action, DIRECTV alleges that Defendants possessed, manufactured, and/or assembled an electronic, mechanical or other device knowing, or having a reason to know, that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce.  More particularly, Defendants themselves, or someone at their direction, sent and/or received Pirate Access Devices by means of the United States Postal Service or commercial mail carrier.

32.     DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C § 2512.

33.     Due to Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. § 2520, to the greater of the sum of (1) actual damages suffered by DIRECTV as a result of Defendants' conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendants acted in violation of 18 U.S.C. § 2512.

### Count 4 - Damages for Willful Assembly or Modification
### of Devices or Equipment
### (47 U.S.C. § 605(e)(4))

34.     DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

35.     Upon information and belief, Defendants knowingly, manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity.   Upon information and belief, Defendants actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECTV Satellite Programming.   Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendants engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming.

36.     Such conduct by Defendants violates 47 U.S.C § 605(e)(4) and such activity entitles DIRECTV to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II).

37.     DIRECTV is a person aggrieved by the Defendants' independent violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendants pursuant to 47 U.S.C. § 605 (e)(3)(A).

### Count 5 - Civil Conversion

38.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

-11-

39.     By virtue of the conduct set forth above, Defendants have unlawfully converted DIRECTV's property for his own commercial use and benefit.

40.     Such conversion was done intentionally and wrongfully by Defendants to deprive DIRECTV of its proprietary interests and for Defendants' direct benefit and advantage.

41.     Due to Defendants' wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

### Count 6 – Interception of Communication
**(TEX. CIV. PRAC. & REM. CODE § 123.001, et. seq.)**

42.     DIRECTV hereby incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

43.     DIRECTV transmits satellite communications in part by wire or cable.  More specifically, the Satellite Dish, receivers, and television necessary to utilize DIRECTV's Satellite Programming are connected by wire and cable.  Finally, DIRECTV's Satellite Programming contains information that is obtained and/or perceived by aural acquisition, particularly including all audio communication services that accompany video transmissions.

44.     Upon information and belief, Defendants acquired and/or used Pirate Access Devices to intercept, or attempt to intercept, DIRECTV's Satellite Programming information constituting an extraordinary use of satellite and television viewing equipment.  Defendants' conduct violates Chapter 123 of the Texas Civil Practices and Remedies Code.  As a result of Defendants' conduct, DIRECTV may obtain statutory damages of $10,000 for each occurrence, punitive damages, and reasonable attorneys' fees and costs.

### VIII. REQUEST FOR INJUNCTIVE RELIEF

45.     DIRECTV realleges and incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

-12-

46. DIRECTV further alleges that unless restrained by this Court, the Defendants will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. § 605.

47. The violations of 47 U.S.C. § 605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

48. DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from the Defendants' unlawful conduct. In addition to diminishing DIRECTV's revenues, the Defendants' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming thereby impairing DIRECTV's ability to enhance its future growth and profitability. DIRECTV has no adequate remedy at law to redress the violations set forth above.

49. Further, DIRECTV is entitled to preliminary and other equitable or declaratory relief as may be appropriate under the circumstances in accordance with 18 U.S.C. § 2520(b)(1). DIRECTV requests that Defendants be directed to cease the use of any and all Pirate Access Devices, relinquish all such devices to DIRECTV, and not engage in such conduct in the future.

## IX. **PRAYER**

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against Defendants in the form as follows:

a. Declare that Defendants' assembly, modification, distribution, and possession of illegal devices or equipment, unauthorized interception, reception, and exhibition of DIRECTV's electronic communications, or their assistance in the performance of such unauthorized actions, is a violation of 47 U.S.C. § 605, 18 U.S.C. §§ 2511 & 2512, and TEX. CIV. PRAC. & REM. CODE § 123.002.

b. Award DIRECTV statutory damages in the amount of $10,000.00 for each violation of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); alternatively, DIRECTV requests

judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 47 U.S.C. § 605;

c. Alternatively, award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day Defendants violated 18 U.S.C. § 2511 and/or § 2512, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 18 U.S.C. §§ 2511 or 2512;

d. Alternatively, award DIRECTV statutory damages of $10,000 for each violation of TEX. CIV. PRAC. & REM. CODE § 123.002;

e. In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin Defendants, and all persons in active concert or participation with them, from (i) possessing illegal access cards or other illegal devices or equipment (ii) interfering with DIRECTV's proprietary rights, (iii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iv) acting in further violation of the above-described statutes;

f. That this Court award the relief requested against Defendants separately and/or jointly as proven by the facts elicited at trial of this cause;

g. That this Court award DIRECTV punitive damages as provided by statutory law;

g. That this Court award DIRECTV its costs, including reasonable attorneys' fees, pre-judgment and post-judgment interest, and

h. Such other relief to which DIRECTV may be entitled.

DATED this 22nd day of October, 2004.

Respectfully submitted,

By: _____

Michael G. Brown
State Bar No. 03153800
Jonathan G. Erwin
State Bar No. 24027369

Figari & Davenport, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas 75202-3796
(214) 939-2000 (telephone)
(214) 939-2090 (telecopier)

OF COUNSEL:

Frederick Black
State Bar No. 02371100
Andrew J. Mytelka
State Bar No. 14767700
Roni G. Sunderman
State Bar No. 24027899

Greer, Herz, & Adams, L.L.P.
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

ATTORNEYS FOR DIRECTV, INC.

## CERTIFICATE OF SERVICE

I, Michael G. Brown, attorney for DIRECTV, Inc., do hereby certify that I have this day served a true and correct copy of the above and foregoing instrument by mailing same via Certified Mail/Return Receipt Requested to the following party:

Mr. James Garcia, pro se
1511 Creek View Drive
Keller, Texas 76248

SO CERTIFIED, this the 22nd day of October, 2004.

Michael G. Brown

-16-



CASE: 4:00-cr-00117
DOCUMENT: 989
DATE: 10/22/04
CLERK: msr
DIVISION: 4

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT 22 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

In THE United States District Court
Northern District of Texas "Ft Worth"

Lewis Henry Anthony
Petitioner - Appellant

Case No. 4:00-CR-117-2-A

v

United States of America
Respondent - Appellee

Motion For Leave to Amend to 28. U.S.C. 2255
In Further Support, with Additional Claim's

Comes Now, Pro-Se petitioner Lewis Anthony, asking
motion For Leave to Amend to 28 U.S.C. 2255 In Further
Support with Additional Claims.
THE Sixth Amendment prohibit's use of Prior Conviction's
obtained In a Criminal Proceeding, which defendant
Lacked EFFECTIVE Assistance of Counsel, to Enhance
Sentence. See P.S.I. Criminal History

"In Sufficient Fund's of Check" THEFt as Listed
91-04-158CR # 6 months Probation
Imposed 5-30-91 Henderson Tx

THEFt by worthless check, Imposed 1-26-93
# 25818 Longview Tx Gregg County

Greene vs. United States 880 F2d 1299 (11th 1989) Also
Tucker vs. United States, 404 U.S. 443, 92 S.Ct. 589
30 L ed 2d 592 (1972)

By Such denial will Erode the Constitutional Right
In Criminal Proceeding's. Such Conviction's Are Considered
Invalid when the Sixth And the Fourteenth Amendment
Anent Satisfied or Rested upon them.

Petitioner Contend's that Denial of Right to Counsel
Under, Gideon vs. Wainwright 372 U.S. 335 83 S.Ct. 792, 9 L ed 2d
799 (1963)

THE Sixth Amendment, expresses that In All Criminal
Prosecution's the Accused sHall enjoy the right to
Have Assistance of Counsel For His defense was
made obligatory upon the States by the Fourteenth
Amendment. Also an Indigent Accused must be Furnished
with Counsel by the State." THE waiver of Counsel
must be Competently and Intelligently waived."
THE right to Counsel isnt a Fundamental Right but an
obligation to the Court's. According to United States
vs. Lavalle 175 F3d 1106 (9th 1999), the Sentence that pro-Se
Petitioner Lewis Anthony recieved is An Illegal Sentence.
"THE Petitioner wasnt advised of Certain or if Any
Importance of obtaining Effective Assistance." Invalid
use of Prior-Conviction's makes En-Hancement's Un-Constitutional
Such violation's Are pursued And recieved through
Federal Hebeas, Also these claims Are Cognizable
because the Petitioner is raising them on 28. U.S.C. 2255.

2nd Argument

Also the Worth Less check 22,395-B, Imposed 7-19-95 was Considered An Felony by the State and wasnt but the Prosecutor and Probation officer use this as An Felony In the Federal Sentencing GuideLine Manual. See P.S.I. Criminal History.

Moreover In United States vs. Lauense, 362 $^{F3d}$ 160 "2nd Circuit 2004," United States vs. Lauense, 348 $^{F3d}$ 329, 344 "2nd 2003" United States vs. Jackson, 346 $^{F3d}$ 22 26 (2nd 2003) Qualifies, Petitioner for downward departured based on the Cumulative Effect of Upward offense level Adjustment's. The additional Enhancement's Creates new Circumstances that should Justify a downward departure. The Defend Petitioner, Assert's that He Suffered from numerous Enhancement's that should Have Awarded Him to be Sentenced At the "Low End" of the Guidelines, Instead of the High End of the Guide Lines. By Such Sentencing It Increased by greater Amount's of Applying Sentencing At the High End but the Warrent for departure was never taken Into Consideration. Thus, the Sentencing range minimum of a defendant with a lower un-Adjusted offense Level will be Increased by fewer month's as the Result of An Enhancement that will the minimum of A defendant with the Higher Un-Adjusted offense Level.

Third Argument - Violation of Rule 403 : 404 "b" Petitioner Assert's that, Character evidence is of Slight probative value And may be very Pre-Judicial

It tends to distract the _Trier_ of fact from the main question of what Actually Happened on the particular occasion. THE _notice_ Requirement thus places Rule 404 "b" In the mainstream with notice And disclosure provision's In other rules of Evidence.

Other than requiring pre-trial notice, no specific time limits Are stated In Recognition that what Constitutes A reasonable request or disclosure will depend largely on the _Circumstances_ of each _Case._ (Notice must be given At least _10 day's Before Trial._) THE Committee opted For a generalized notice provision which _requires_ the _Prosecution_ to Apprise the ~~defendant~~ defense of the general nature of the _Evidence_ of Extrinsic Act's. Evidence At Trial. During _It's Case In Chief,_ For _Impeachment,_ or for _Rebuttal._ BEcause of _notice_ _Requirement_ Serves As _Condition Precedent_ to _Admissible_ of 404 "b" Evidence, the offered _Evidence_ is _In Admissible_ if the Court decides that the _notice Requirement_ Has not been met. THE Amendment does not Extend to Evidence of Act's which Are _Intrinsic,_ to the Changed Offense. U.S. vs. _Williams_

$900^{F2d}823^{8th}1990$

Finally, the _Committee_ does not _Intend_ through the Amendment to Effect the Role of the Court And the Jury In Considering such Evidence U.S. vs. _Huddleston,_ 485 U.S. 681, 108 S.Ct 1496 (1988

_Current Law_ does not _Allow the Government_ to _Introduce_

negative Character Evidence as to the Accused unless the Accused Introduces Evidence of good Character U.S. v. Fountain, 768 F2d 790 (7th 1985) The Amendment is designed to permit A more balanced Presentation of Character Evidence when Accused chooses to Attach the Character Evidence of Alleged Victim. These Requirements wasn't met the Court's, Judge made Error by Admitting this In the Cause of Trial And It wasn't Harmless because Petitioner was Prejudiced by negative permission And IS A Violation According to Old Chief.

Fourth Judicial Notice of Recent Ruling By the U.S. Supreme Court In the Case of Ralph Blakely v. Washington Pertaining to the Sentence Enhancements on Petitioner According to the new ruling the Enhancing of Petitioner's Base Offense Level is set to be An Illegal Sentence. The Standard of Review For plain Error under the Ex post Facto Clause pursuant to Article 1 of the United States Constitution, Clearly Assert's A Violation of the Petitioner's Constitutional Rights.

Conclusion

In motion Set Forth In Above Cause, Relief Shall be Warranted According to Invalid Prior Conviction's, violation of Rule 403, 404 "b", Add upward Enhancements which warranted downward departure Also the Blakely v. Washington In All Sentence is Illegal.

Certificate of Service

I declare or Certify, verify or State under
Penalty of Perjury that the Forgoing Motion is
true and Correct. Executed on 19th Day of October
Signed 19th day of October 2004.


U.S. Court House
501 W. Tenth Street
Forth Word Tx 76102

Lewis Anthy 29692 077
F.C.I. Yazoo City
P.O. Box 5000 Yazoo City, MS
39194